UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAURICE JILES,

      Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

      Respondents.

2:13-cv-00422-GMN-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 6).

**I. Procedural History**

On May 3, 2010, petitioner was convicted, pursuant to a jury trial, of burglary and grand larceny. (Exhibit 33).[1] Petitioner was adjudicated a habitual criminal and was sentenced to two concurrent terms of 8-20 years in the Nevada Department of Corrections. (*Id.*) Petitioner appealed his conviction. (Exhibit 34). The Nevada Supreme Court affirmed petitioner's convictions in an order filed December 10, 2010. (Exhibit 47).

On March 3, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 50A). The state district court ordered a response to the petition, and a response was filed on May 11, 2011. (Exhibits 51 & 52). A hearing was held on May 17, 2011, and the petition was summarily denied by minute order. (Exhibit 11, at p. 12). It appears that the state district court failed to enter a written order disposing of the habeas petition.[2]

On September 24, 2011, petitioner filed a motion to modify or correct an illegal sentence. (Exhibit 53). The state district court denied the motion. (Exhibit 56). Petitioner appealed, and the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 7, 8, 10 and 13.

[2] *See* NRS 34.830 (setting forth requirements for an order disposing of habeas petition and a notice of entry of order).

Nevada Supreme Court affirmed the denial of the motion. (Exhibit 66). Remittitur issued on June 4, 2012. (Exhibit 68).

On March 12, 2013, this Court received petitioner's federal habeas corpus petition. (ECF No. 1; ECF No. 4). The petition contains two grounds for relief: (1) petitioner claims that his due process rights were violated because the presentence investigation report contained misleading information about a 1986 shooting; and (2) petitioner claims that the State did not present certified copies of his prior judgments of conviction in support of the habitual criminal adjudication. (ECF No. 4, at pp. 3-5).

## II. Discussion

In the motion to dismiss, respondents argued that the federal petition is untimely and that Ground 2 of the petition is unexhausted. (ECF No. 6). Petitioner filed an opposition to the motion to dismiss, in which he asserts that respondents failed to consider his post-conviction state habeas petition when analyzing the timeliness of his federal petition. (ECF No. 11). Respondents filed a reply, in which they acknowledge that, due to inadvertence, their motion to dismiss omitted the fact that petitioner had filed a post-conviction habeas petition in state court on March 3, 2011. (ECF No. 12). Respondents concurrently filed an amended index of exhibits and Exhibit 50A, a copy of petitioner's post-conviction habeas petition filed in state district court. (ECF No. 13). As a result of the omission, and because of ambiguities regarding when the state habeas proceedings concluded, respondents withdrew their argument that the federal petition is untimely. (ECF No. 12, at p. 3).

Respondents continue to assert the other argument made in the motion to dismiss – that Ground 2 of the federal petition is unexhausted. (ECF No. 6, at pp. 4-5; ECF No. 12, at p. 3).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to

consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

In the instant case, respondents argue that Ground 2 of the federal habeas petition is unexhausted. In Ground 2, petitioner alleges that the State did not present certified copies of his prior judgments of conviction at sentencing in support of the habitual criminal adjudication. (ECF No. 4, at p. 5). Petitioner did not present this claim to the Nevada Supreme Court on direct appeal in his fast track statement. (Exhibit 43). Although petitioner asserts that he made the argument in his post-conviction habeas petition filed in state district court, the state court record belies petitioner's assertion. Petitioner's post-conviction state habeas petition contained only the following statement:

> Consecutive sentence structure being challenged. PSI recommended concurrent. Also, PSI info re: past felonies is erroneous in nature and worked as a detriment at sentencing.

(Exhibit 50A, at p. 2). The post-conviction state habeas petition contains no claim that the State failed to present certified copies of his prior judgments of conviction at sentencing in support of the

3

habitual criminal adjudication, as is claimed in Ground 2 of the federal habeas petition. Additionally, petitioner's motion to modify or correct illegal sentence did not assert a claim that the State failed to present certified copies of his prior judgments of conviction at sentencing in support of the habitual criminal adjudication. (Exhibit 53). Because petitioner appealed the denial of the motion to modify in pro per, no additional briefing was submitted to the Nevada Supreme Court, other than the motion to modify the sentence. Ground 2 of the federal habeas petition is unexhausted.

### III. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that Ground 2 of the federal habeas petition is unexhausted, while Ground 1 appears to be exhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claim; or

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claim.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 6) is **DENIED IN PART and GRANTED IN PART,** as follows:

1. Respondents' argument that the federal habeas petition is untimely is **DENIED.**

2. Respondents' argument that Ground 2 of the federal habeas petition is unexhausted is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents shall respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 16th day of January 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge