**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAURICE JILES,

      Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

      Respondents.

2:13-cv-00422-GMN-CWH

**ORDER**

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. The federal habeas petition contains two grounds for relief: (1) petitioner claims that his due process rights were violated because the presentence investigation report contained misleading information about a 1986 shooting; and (2) petitioner claims that the State did not present certified copies of his prior judgments of conviction in support of the habitual criminal adjudication. (ECF No. 4, at pp. 3-5).

      On January 16, 2014, this Court entered an order, granting in part and denying in part, respondents' motion to dismiss the petition. (ECF No. 14). The Court made specific findings that Ground 2 of the petition is unexhausted, as petitioner failed to present this claim to the Nevada Supreme Court. (*Id.*, at pp. 2-4). The Court also observed that Ground 1 of the petition appears to be exhausted. (*Id.*, at p. 4). A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the habeas petition was a "mixed petition," containing both exhausted and unexhausted claims, petitioner was granted leave to choose one of the following options:

> (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

(ECF No. 14, at pp. 4-5) (citing *Rose v. Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009)).

Petitioner has filed a motion for a stay and abeyance. (ECF No. 16). Respondents have opposed petitioner's motion. (ECF No. 17). Petitioner has filed a reply. (ECF No. 18).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78*; Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In petitioner's motion for a stay, he does not set forth any good cause for a stay. Petitioner fails to explain why he did not exhaust the claim in Ground 2 before bringing it to this federal court. Further, the Court finds that the claim in Ground 2 is not potentially meritorious. In Ground 2, petitioner claims that the State did not present certified copies of his prior judgments of conviction in

support of the habitual criminal adjudication. (ECF No. 4, at p. 5). The State's charging document, the second amended information, identified all prior felony convictions upon which the State would rely in seeking habitual criminal adjudication against petitioner. (Exhibit 22). The second amended information was filed February 17, 2010, giving petitioner and his counsel months before sentencing to challenge any of the prior convictions. (*Id.*). It is apparent from a reading of the sentencing transcript that petitioner's counsel had reviewed and was familiar with his criminal record and all prior convictions. (Exhibit 30, at pp. 12-15). The state court record indicates that the prosecutor provided the sentencing court with certified copies of petitioner's prior criminal convictions. (*Id.*, at p. 3). After the prosecutor reviewed petitioner's criminal history at sentencing, petitioner personally addressed the sentencing judge and had the opportunity to correct any misinformation. (*Id.*, at pp. 7-12). In adjudicating petitioner a habitual offender, the sentencing judge indicated on the record that there were certified convictions for several felonies, including the following: endangering the safety by conduct regardless to life (2 counts), possession of a controlled substance (2 counts), burglary, vehicular high jacking, and aggravated robbery. (*Id.*, at p. 17). Based on the certified convictions of those crimes, the sentencing judge adjudicated petitioner under the "small habitual criminal" statute and sentenced him to two concurrent sentences of 8 to 20 years. (*Id.*, at pp. 17-18). *See Parke v. Raley*, 506 U.S. 20, 31 (1992) (upholding repeat offender statute that found certified copies of prior judgments of conviction to be presumptively valid). For all of these reasons, the Court finds that Ground 2 of the federal habeas petition lacks merit. Therefore, petitioner's motion for a stay and abeyance to exhaust Ground 2 is denied. Moreover, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Based on the foregoing analysis, habeas relief is denied as to Ground 2 of the petition. Respondents shall file an answer to Ground 1 of the petition, as set forth at the conclusion of this order.

**IT IS THEREFORE ORDERED** that petitioner's motion for a stay (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that habeas relief is **DENIED** as to Ground 2 of the petition.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the remaining ground of the petition (Ground 1) within **thirty (30) days** from the entry of this order.  The answer shall include substantive arguments on the merits as to each ground of the amended petition.  **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no later than **thirty (30) days** after being served with the answer.

**IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional exhibits shall be forwarded – for this case – to the staff attorneys in **Reno, Nevada.**

**DATED** this 3rd day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court