# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE JILES,

      Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

      Respondents.

Case No. 2:13-cv-00422-GMN-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On May 3, 2010, petitioner was convicted, pursuant to a jury trial, of burglary and grand larceny.  (Exhibit 33).[1]  Petitioner was adjudicated a habitual criminal and was sentenced to two concurrent terms of 8-20 years in the Nevada Department of Corrections.  (*Id.*)  Petitioner appealed his conviction.  (Exhibit 34).  The Nevada Supreme Court affirmed petitioner's convictions in an order filed December 10, 2010.  (Exhibit 47).

On March 3, 2011, petitioner filed a post-conviction habeas petition in the state district court.  (Exhibit 50A).  The state district court ordered a response to the petition, and a response was

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 7, 8, 10, 13

filed on May 11, 2011.  (Exhibits 51 & 52).  A hearing was held on May 17, 2011, and the petition was summarily denied by minute order.  (Exhibit 11, at p. 12).

On September 24, 2011, petitioner filed a motion to modify or correct an illegal sentence, arguing that the presentence investigation report used at sentencing contained misleading information about a 1986 shooting.  (Exhibit 53).  The state district court denied the motion. (Exhibit 56).  Petitioner appealed, and on May 9, 2012, the Nevada Supreme Court affirmed the denial of the motion.  (Exhibit 66).  Remittitur issued on June 4, 2012.  (Exhibit 68).

On March 12, 2013, this Court received petitioner's federal habeas corpus petition.  (ECF No. 1; ECF No. 4).  The federal petition contains two grounds for relief: (1) petitioner claims that his due process rights were violated because the presentence investigation report contained misleading information about a 1986 shooting; and (2) petitioner claims that the State did not present certified copies of his prior judgments of conviction in support of the habitual criminal adjudication.  (ECF No. 4, at pp. 3-5).  Respondents filed a motion to dismiss the petition.  (ECF No. 6).  On January 16, 2014, the Court issued an order finding that Ground 2 of the federal habeas petition was unexhausted.  (ECF No. 14).  Petitioner then moved for a stay of these proceedings, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), for the purpose of returning to state court to exhaust Ground 2.  (ECF No. 16).  By order filed July 3, 2014, this Court denied petitioner's motion for a stay, finding that petitioner failed to show good cause for failing to previously exhaust Ground 2 and finding that Ground 2 lacked merit.  (ECF No. 19).  The Court directed respondents to file an answer to Ground 1 of the petition.  (*Id.*).  On July 28, 2014, respondents filed an answer.  On August 25, 2014, petitioner filed a reply to the answer.

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

1   (1) resulted in a decision that was contrary to, or involved an
2   unreasonable application of, clearly established Federal law, as
    determined by the Supreme Court of the United States; or

3   (2) resulted in a decision that was based on an unreasonable
4   determination of the facts in light of the evidence presented in the
    State court proceeding.

5   The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

6   in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

7   to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court

8   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

9   U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

10  Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

11  indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

12  different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

13  (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

14  694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas

15  corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a

16  substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03

17  (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

18  A state court decision is an unreasonable application of clearly established Supreme Court

19  precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

20  governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

21  principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

22  529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more

23  than merely incorrect or erroneous; the state court's application of clearly established federal law

24  must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether

25  a state court decision is contrary to, or an unreasonable application of federal law, this Court looks

26  to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

27  *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

28

-3-

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

**III. Discussion**

In Ground 1 of the federal petition, petitioner claims that his due process rights were violated because the presentence investigation report used by the state court at sentencing contained misleading information about a 1986 shooting. (ECF No. 4, at p. 3). Petitioner raised this claim in his motion to modify and/or correct an illegal sentence. (Exhibit 53). The state district court denied the motion. (Exhibit 56). Petitioner appealed. (Exhibit 57). On May 9, 2012, the Nevada Supreme Court filed an order affirming the denial of the motion. (Exhibit 66). The Nevada Supreme Court rejected petitioner's claim as follows:

> In his motion, filed on September 24, 2011, appellant claimed that the presentence investigation report (PSI) contained inaccurate information regarding a 1986 shooting that appellant committed and that the district court did not make certain findings prior to sentencing him. We first note that the findings to which appellant refers are required only of federal sentencing courts. Fed. R. Crim. P. 1(a)(1), 32(i)(3)(B).
>
> Further, appellant failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. See Edwards v. State, 112 Nev. 704, 708, 918 F.2d 321, 324 (1996). Notably, the PSI did not reference the 1986 shooting conviction, and appellant explained the unique factual circumstances when the State raised the conviction at sentencing. Moreover, although the State sought consecutive sentences of life with the possibility of parole after 10 years, appellant received concurrent sentences of 8 to 20 years. Appellant also failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction. See id. We therefore conclude that the district court did not err in denying appellant's motion.

(Exhibit 66, at pp. 1-2).

In support of his claim, petitioner cites to Ninth Circuit cases governing the application of Rule 32 of the Federal Rules of Criminal Procedure including *U.S. v. Carter*, 219 F.3d 863 (9th Cir.

-4-

1    2000), *U.S. v. Houston*, 217 F.3d 1204 (9th Cir. 2000), *U.S. v. Standard*, 207 F.3d 1136 (9th Cir.

2    2000), *U.S. v. Fernandez-Angulo*, 897 F.2d 1514 (9th Cir. 1990), and *U.S. v. Ibarra*, 737 F.2d 825

3    (1984).  (ECF No. 4, at p. 3).  The Nevada Supreme Court was correct in its determination that these

4    cases are irrelevant to petitioner's motion to modify and/or correct an illegal sentence in the Nevada

5    state courts.

6         It is well-established that sentencing hearings are subject to the requirements of the Due

7    Process Clause.  *Gardner v. Florida*, 430 US. 349, 358 (1977).  Criminal defendants have a due

8    process right not to be sentenced on the basis of materially untrue assumptions about their criminal

9    record.  *Townsend v. Burke*, 334 U.S. 736, 740 (1948).  The criminal defendant has the burden of

10   showing that the sentencing judge relied on materially false information in determining the

11   sentence.  *See United States v. Rachels*, 820 F.2d 325, 328 (9th Cir. 1987).

12        The Nevada Supreme Court concluded that petitioner failed to demonstrate that the

13   sentencing court relied on materially false information.  (Exhibit 66, at p. 1).  This was a reasonable

14   conclusion.  At sentencing in the state district court, as part of the recitation of petitioner's criminal

15   history, the State provided proof of two prior convictions in Wisconsin for endangering safety with

16   conduct regardless of life, based on gun shots fired by petitioner at another person.  (Exhibit 30, at

17   pp. 3-4).  The sentencing transcript shows that petitioner had the opportunity to explain the facts of

18   these shootings, and he did so.  (*Id.*, at pp. 7-9).  Petitioner acknowledged the convictions and

19   explained the mitigating facts of the incident and the reasons why he received relatively lenient

20   punishment.  (*Id.*).  Petitioner's attorney addressed the incident as well.  (*Id.*, at p. 14).  When the

21   state district court addressed petitioner and pronounced its sentence, there was no reference to those

22   particular convictions.  (*Id.*, at p. 15-17).  The court specifically stated that petitioner's criminal

23   history was not the most egregious.  (*Id.*, at p. 17).  However, the sentencing judge decided to

24   adjudicate petitioner a habitual criminal based on the length of his criminal history, stating that the

25   statute "has no meaning if people like yourself that commit crimes over and over and over again on

26   a consistent basis don't get habitualized . . . ."  (*Id.*, at p. 17).  The court sentenced petitioner to two

27   concurrent terms of 8-20 years, rather than two consecutive terms of ten-to-life, as requested by the

28   prosecution.  (*Id.*, at pp. 7, 18).

1    Because the record does not support petitioner's contention that his sentence was based upon

2    materially untrue assumptions about his criminal record, the Nevada Supreme Court properly denied

3    his claim.  The state court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1); *see*

4    *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).  Petitioner has failed to meet his burden of

5    proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

6    application of, clearly established federal law, as determined by the United States Supreme Court, or

7    that the ruling was based on an unreasonable determination of the facts in light of the evidence

8    presented in the state court proceeding.  The Court denies habeas relief as to Ground 1 of the federal

9    petition.

10    **IV.  Certificate of Appealability**

11    District courts are required to rule on the certificate of appealability in the order disposing of

12    a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and

13    request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal,

14    petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th

15    Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v.*

16    *Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial

17    showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28

18    U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must

19    demonstrate that reasonable jurists would find the district court's assessment of the constitutional

20    claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold

21    inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of

22    reason; that a court could resolve the issues differently; or that the questions are adequate to deserve

23    encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this court's

24    denial of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of

25    appealability.

26    **V.  Conclusion**

27    **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

28

-6-

1     **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

2 **APPEALABILITY.**

3     **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT**

4 **ACCORDINGLY.**

5          Dated this _____8_____ day of September, 2016.

6

7                                              _____

8                                              Gloria M. Navarro, Chief Judge
                                               United States District Court